I respectfully dissent.
Like Judge Shaw in his special concurrence in this case,Snyder v. State, 893 So.2d 471, 480 (Ala.Crim.App. 2001), I too can distinguish this case from Ex parte Minor, 780 So.2d 796
(Ala. 2000). The trial court in this case restricted the jury's discretion in its use of the evidence of Snyder's prior conviction to the determination of the credibility of Snyder's testimony. This distinguished the present case from Minor.
However, in Minor, the majority of this Court clearly held that a trial court committed plain error if it failed to instruct the jury that it may not consider the evidence of prior convictions as substantive evidence that the defendant committed the charged offense. This should not change on a case-by-case basis. Regardless of the effectiveness of the instruction on using evidence of prior convictions only to determine credibility, I believe that the trial court must instruct the jury that it cannot use evidence of prior convictions as substantive evidence that the defendant committed *Page 488 
the charged offense. Ex parte Minor, supra.